**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **PATRICK MORRISON et al.** )  | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACT. NO. 2:25-cv-00095-KD-N** |
| ) | |
| **WEYERHAEUSER COMPANY et al.** ) | |
| **Defendants.** ) | |
| ) | |

## Order

This action is before the Court on *sua sponte* review. Plaintiffs Patrick and Erica Morrison ("Plaintiffs") have not filed a proof of service of process on Defendant Primal Brands, LLC ("Primal"). Upon consideration, and for the reasons below, Plaintiffs are **ORDERED** to take the following action **on or before February 13, 2026**: (1) file proof of service on Primal or (2) show good cause for their failure to serve Primal.

This action was filed in state court and removed to federal court on the same date: March 7, 2025. The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). Under Rule 4(m), a plaintiff has "90 days after the complaint is filed" to serve a defendant. Fed. R. Civ. P. 4(m). When service of process has not been perfected prior to removal to federal court, the plaintiff's 90-day service deadline runs from the date of removal. 4B Wright & Miller's Federal Practice and Procedure § 1137 (4th ed. 2025) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court."). Therefore, Plaintiffs' deadline to serve Primal was 90 days after March 7, 2025.

More than nine months have passed since March 7, 2025, and Plaintiffs have not filed a proof of service on Primal. The state-court file attached to the notice of removal shows that

certified-mail service on two "Primal" defendants was requested on March 7, 2025. (Doc. 1-2 at 41–42). However, the parties' report of their Rule 26(f) meeting notes that "Primal Brands, LLC ha[s] not yet been served/appeared in this case." (Doc. 27 at 1 n.1). Therefore, Plaintiffs appear to have passed the deadline to serve Primal.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Whenever the Plaintiff has not completed service of process within the time required by Fed. R. Civ. P. 4(m), . . . the Court upon notice may dismiss the action in accordance with Fed. R. Civ. P. 4(m)." S.D. Ala. CivLR 41(a). Here, Plaintiffs failed to show proof of service on Primal by the Rule 4(m) deadline. Therefore, the Court—after notice to Plaintiffs—must dismiss this action without prejudice against Primal or order that service be made within a specified time.

Accordingly, this Order shall serve as notice to Plaintiffs that the Court intends to dismiss this action without prejudice as to Primal, unless Plaintiffs, on or before **February 13, 2026,** file proof of service as to Primal or show good cause for their failure to serve Primal such that the Court must grant an extension.

**DONE** and **ORDERED** this **26th** day of **January 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**