IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PATRICK MORRISON et al.**<br>    **Plaintiffs,** | )<br>)<br>) |
| v. | )    CIVIL ACT. NO. 2:25-cv-00095-KD-N |
| | ) |
| **WEYERHAEUSER COMPANY et al.**<br>    **Defendants.** | )<br>)<br>) |

## Order

This action is before the Court on Plaintiffs' Proof of Service and Motion for Leave to Amend Complaint. (Doc. 42). Upon consideration, and for the reasons below, Plaintiffs' request for the Court to deem Defendant Primal Brands, LLC as properly served is **GRANTED**, but the motion for leave to amend is **DENIED**.

**I.    Background**

This is the second time this litigation has ended up in federal court. The first time, Plaintiffs sued Defendants in state court, Defendants removed, and Plaintiffs moved to voluntary dismiss. Defendants opposed the motion—arguing that Plaintiffs were forum shopping. The Court issued an order granting the motion to dismiss. See (Civil Action No. 24-371; Doc. 22). Relying on Goodwin v. Reynolds, 757 F.3d 1216 (11th Cir. 2014), the Court explained that Defendants' right to remove was based on a technical right (snap removal) rather than a substantive right.

Plaintiffs filed this suit (25-95) in state court. Defendants snap removed. Plaintiffs filed a motion to remand. (Doc. 9). The Magistrate Judge issued a Report and Recommendation that recommended granting the remand, (Doc. 21), but the Court declined to adopt it. (Doc. 25). The Court denied the motion to remand based on the plain language of the forum-defendant rule statute:

A forum defendant must be "properly joined and served" for the forum-defendant rule to apply. 28 U.S.C. § 1441(b)(2).

On January 26, 2026, the Court issued a *sua sponte* order because Plaintiffs had not filed a proof of service of process on Defendant Primal Brands, LLC ("Primal") by the Federal Rule of Civil Procedure 4(m) deadline. (Doc. 41). On January 28, 2026, Plaintiffs filed a "Proof of Service and Motion for Leave to Amend Complaint." (Doc. 42). Plaintiffs' motion requests the Court to deem Primal as properly served, and Plaintiffs' motion requests leave to amend the complaint to add another "Primal" entity as a defendant (Primal Vantage Company, Inc.).

The Court issued a briefing scheduling, ordering any response to be filed on or before February 18, 2026, and any reply to be filed on or before February 27, 2026. (Doc. 43). On February 11, 2026, one of the defendants (William Valentine) filed a response indicating that he does not oppose the motion for leave to amend to add Primal Vantage Company, Inc. as a defendant. (Doc. 44). No other response or reply was filed.

**II.    Analysis**

Plaintiffs' first request is for the Court to deem Primal as properly served pursuant to 28 U.S.C. § 1448. This creates an interesting question: Is the service of the state court summons and complaint sufficient under the Federal Rules of Civil Procedure?

There is "a split in authority on the question whether it is necessary for the plaintiff in such an action to obtain new process from the district court or whether it may complete service using process obtained from the state court." Workman v. Bissessar, 275 F. Supp. 3d 263, 269 n.1 (D.D.C. 2017). But several courts have determined that execution of the state court service of process can be sufficient. See Minter v. Showcase Sys., Inc., 641 F. Supp. 2d 597, 599–602 (S.D. Miss. 2009) (concluding that "the completion of state service of process . . . following removal to [federal]

court" constitutes "proper service of process pursuant to 28 U.S.C. § 1448"); see also Jernigan v. Kubota Corp., No. 1:11-CV-834-MHT, 2012 WL 13001791, at *2 (M.D. Ala. July 31, 2012) (agreeing with Minter). This determination comes from the language of 28 U.S.C. § 1448, which provides two options for serving process in removed cases: "process or service may be completed or new process issued" in federal court. 28 U.S.C. § 1448. Here, Plaintiffs cite both Minter and Jernigan to argue that Primal should be deemed properly served. The Court finds the logic in Minter and Jernigan persuasive, and neither defendant opposes Plaintiffs' request to deem Primal properly served. Therefore, the Court **DEEMS** Primal properly served.

Plaintiffs' second request is for the Court to grant them leave to amend their complaint to add Primal Vantage Company, Inc. as a defendant. Rule 15(a) governs the amendments of pleadings:

> A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). After the window to amend as a matter of course has passed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

When a party seeks to amend a complaint after the Rule 16(b) Scheduling Order's deadline for amendment, however, a party must first obtain a modification of the Rule 16(b) Scheduling Order. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1367 (11th Cir. 2007). The party must satisfy Rule 16(b)'s "good cause" requirement. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").

3

Here, Plaintiffs seek to amend their complaint outside the window to amend as a matter of course and after the Rule 16(b) Scheduling Order's deadline to amend pleadings. (Doc. 30 at 4) ("Any motion to amend the pleadings under Fed. R. Civ. P. 15(a)(2) or to join other parties must be filed and served no later than January 14, 2026."). Thus, Plaintiffs must first demonstrate good cause for modification of the scheduling order. Because Plaintiffs' motion does not address good cause under Rule 16(b), the motion for leave to amend is **DENIED**. See <u>Sosa</u>, 133 F.3d at 1419. ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

Plaintiffs are advised that any future motion for leave to amend the complaint should address Rule 16(b)'s good-cause standard. If Plaintiffs are unable to obtain the written consent of both opposing parties,[1] the motion should also address Rule 15(a)(2)'s standard. Finally, Plaintiffs' motion should be filed in accordance with the local rules:

> **Civil L.R. 15. Amended and Supplemental Pleadings**
>
> (a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference.
> (b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.
> (c) If the Court grants the motion to amend, the party must promptly file the amended pleading. If a responsive pleading is required, any party that has appeared in the action and was served with the proposed amended pleading must serve an answer or other responsive pleading within fourteen (14) days after the Court grants the motion to amend. The time for a party that has not appeared in the action to serve an answer or other responsive pleading begins to run when that party is properly served with the amended pleading.

---

[1] "The adverse party's lack of opposition does not constitute consent. When there are multiple parties, consent is assessed on a party-by-party basis." 1 Steven S. Gensler, <u>Fed. R. Civ. P., Rules and Commentary</u> § 15:26 (2025).

4

S.D. CivLR 15.

### III. Conclusion

The Court deems Primal to be properly served based on the execution of their state court summons. However, Plaintiffs' request for leave to amend the complaint is **DENIED**.

**DONE** and **ORDERED** this **4th** day of **March 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**