**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **PATRICK MORRISON and** | ) | |
| **ERICA NICOLE MORRISON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:25-cv-95-KD-N** |
| **WEYERHAEUSER COMPANY,** | ) | |
| ***et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Presently before the Court is Plaintiffs' second Motion to Amend Scheduling Order (Doc. 51), hereinafter referred to as "Motion". With the Motion, Plaintiffs seek to "amend the scheduling order such that Plaintiffs can file an Amended Complaint to add Primal Vantage Company, Inc. as a defendant" in this action. Motion at 3.[1]

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be

---

[1] The Motion also contains a statement that Plaintiffs seek "additional time to amend the Complaint to join Primal Vantage Company, LLC". Motion at 3. But Plaintiffs already named Primal Vantage Company, LLC, as an "aka" party in the Complaint that they filed on March 7, 2025. See Doc. 1-2 (a party-defendant is listed as "PRIMAL BRANDS, LLC aka PRIMAL VANTAGE COMPANY, LLC"). In fact, prior to the removal of this action to federal court, Plaintiffs obtained from the Circuit Court of Wilcox County, Alabama, a Summons issued to Primal Vantage Company, LLC. See Doc 1-2, PageID# 56. That Summons was in addition to a separate Summons issued to Primal Brands, LLC. See Doc 1-2, PageID# 55. To date, Plaintiffs have failed to offer any proof that they ever served Primal Vantage Company, LLC. To the extent that Plaintiffs might be seeking an extension of time to serve Primal Vantage Company, LLC, that request is **DENIED** due to Plaintiffs failure to show good cause for failing to serve Primal Vantage Company, LLC, within 90 days after filing the Complaint. Fed. R. Civ. P. 4(m).

modified only for good cause and with the judge's consent." *See also* Rule 16(b) Scheduling Order ¶ 12 ("this scheduling order shall not be modified except upon a showing of good cause and by leave of Court"). The good cause standard focuses on the diligence of the party seeking the modification. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998). Where the record reflects a lack of diligence, the "attempt to add a defendant outside the time frame prescribed by the scheduling order [is] not supported by good cause." *Sosa* at 1419.[2]

Plaintiffs contend that good cause exists because of "Newly Discovered Information" concerning Primal Vantage Company, Inc. Motion at 2. The crux of Plaintiffs argument is as follows: "Plaintiffs' counsel has . . . learned there is another case with a 'Primal' entity named as a defendant in the Southern District of Alabama which is being defended and appears to be going to trial. However, that entity is named 'Primal Vantage Company, Inc.'"

In making this statement and others like it in two previous motions,[3] counsel for Plaintiffs is implicitly representing to the Court that it did not know of the existence of Primal Vantage Company, Inc., until after January 14, 2026, the deadline established by the Rule 16(b) Scheduling Order (Doc. 30) to file motions to amend the pleadings or to join parties. This representation is without merit. Attorney

---

[2] Plaintiffs acknowledge the applicability of Rule 16(b)(4) and the diligence standard described in *Sosa*. See Motion at 2.

[3] Plaintiffs' Motion for Leave to Amend Complaint (Doc. 42) at 3; Plaintiffs' first Motion to Amend Scheduling Order (Doc. 46) at 2.

Patrick Montgomery, a partner at Caldwell Wenzel & Asthana, P.C., the law firm representing Plaintiffs in this action, has known of the existence of Primal Vantage Company, Inc., since at least November 5, 2020. On that day over five years ago, Mr. Montgomery signed and filed a complaint in this federal district court against Primal Vantage Company, Inc. (S.D. Ala. case number 1:20-cv-528-JB-N).[4]

Moreover, Mr. Montgomery has specifically known about the pendency of the case at bar since at least September 19, 2025, the day that he appeared before this Court as the only attorney for Plaintiffs in a telephonic scheduling conference held to discuss the proposed content of the Rule 16(b) Scheduling Order that was subsequently entered four days later. Doc. 29 (the Court's audio file of said scheduling conference).[5]

Some of Plaintiffs' other contentions in the Motion are wrong. On page 2 of the Motion, Plaintiff states that "Defendant Primal Brands LLC. [sic] actively participated in this litigation since its inception, including filing an immediate removal action upon receipt of the initial Complaint in this matter, which this Honorable Court granted." In fact, Primal Brands, LLC, (1) did not remove this action from state court (Defendant Weyerhaeuser Company executed the removal) and (2)

---

[4] The 2020 lawsuit filed by Mr. Montgomery concerned a "'Primal Vantage' PVCS-400 tree stand".

[5] During the September 19 scheduling conference, Mr. Montgomery acknowledged that he had not yet made a formal appearance in this action and told the Court that he would "a hundred percent do that as soon as we get off of here" by filing a written notice of appearance. To date, Mr. Montgomery has not filed such a notice with the Court.

has not "actively participated in this litigation since its inception." Primal Brands, LLC, has never appeared in this action through legal counsel or otherwise, and Plaintiff's counsel itself has told the Court this several times. On page 4 of Motion, counsel states that "Defendant Primal Brands, LLC. [sic] has been non-responsive." On March 27, 2026, counsel for Plaintiffs wrote that "Primal Brands, LLC . . . still refuse[s] to participate in the litigation." Plaintiffs' first Motion to Amend Scheduling Order (Doc. 46) at 2. And before that, on January 28, 2026, Plaintiffs' counsel told the Court that it learned in approximately December 2025 or January 2026 that Primal Brands, LLC, "would not be asserting a defense" in this lawsuit.

> [C]ounsel for Plaintiffs called and spoke with Ginger Busbsy [sic] of Burr & Forman, LLP several weeks ago regarding Primal Brands, LLC participating in the litigation. (See affidavit of C. Randall Caldwell, Jr attached as Exhibit 2). Ms. Busby represented Primal Brands, LLC in the prior case that was dismissed without prejudice. Ms. Busby was very cooperative and agreed to recommend to her client that she either be allowed to file an Answer or to accept service on their behalf so that the case could move forward. (See Exhibit 2). Ms. Busby called back a few days later and informed me that her client had no assets and had no insurance and therefore they had advised her they would not be asserting a defense. (See Exhibit 2)."

Plaintiffs' Motion for Leave to Amend Complaint (Doc. 42) at 2.

In support of the Motion, Plaintiffs also argue that "Defendant Primal Brands, LLC., [sic] failed to identify Primal Vantage Company, LLC. [sic] in its initial disclosures." Motion at 2. Regardless of any potential initial disclosure obligations, this contention is meritless and irrelevant because (1) Plaintiffs themselves named Primal Vantage Company, LLC, as an "aka" defendant in their Complaint and (2) the target of the Motion is another entity, namely, Primal Vantage Company, Inc.

In passing, Plaintiff invokes Fed. R. Civ. P. 19 and 20 in support of the Motion without offering any argument or analysis whatsoever. See Motion at 3. This invocation is rejected for Plaintiffs failure to provide any rationale or explanation for applying 19 or Rule 20 to the situation at hand. Also, by their own terms, neither Rule 19 nor Rule 20 is applicable under the circumstances. Furthermore, Rules 19 and 20 cannot be used to escape the effects of a party's failure to meet deadlines established by a Rule 16 scheduling order absent a showing of good cause.

In sum, the Court finds Plaintiffs' good cause allegations woefully deficient and unconvincing. Plaintiffs have not acted with diligence with respect to Primal Vantage Company, Inc. To the contrary, the purported need for modification of the Rule 16(b) Scheduling Order arises from Plaintiffs' lack of diligence. Accordingly, Plaintiffs' Motion to Amended Scheduling Order (Doc. 51) is **DENIED**.

**DONE** and **ORDERED** this the 25th day of June 2026.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

5