**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **PATRICK MORRISON, et al.,** <br>     **Plaintiffs,** | ) <br> ) <br> ) |
| **v.** | )    **CIVIL ACT. NO. 2:25-cv-00095-KD-N** <br> ) |
| **WEYERHAEUSER COMPANY, et al.,** <br>     **Defendants.** | ) <br> ) <br> ) <br> ) |

## <u>ORDER</u>

This action is before the Court on "Plaintiffs' Objections to Magistrate Judge's Order (Doc. 52) Denying Plaintiffs' Second Motion to Amend Scheduling Order." (Doc. 53). Upon consideration, and for the reasons below, the objections are **OVERRULED**, and the determination made by the Magistrate Judge is **AFFIRMED**.

### I.     Background

This is the second time this litigation has ended up in federal court. In the current litigation, Plaintiffs have unsuccessfully attempted to add a new defendant (Primal Vantage Company, Inc.) three times. The present objection involves the Magistrate Judge's denial of Plaintiffs' second motion for leave to amend the scheduling order.

1. <u>First action</u>

In 2024, Plaintiffs sued Defendants in state court, Defendant Weyerhaeuser Company ("Weyerhaeuser") removed, and Plaintiffs moved to voluntary dismiss the action. Weyerhaeuser and Defendant Primal Brands, LLC opposed the motion—arguing that Plaintiffs were forum shopping. The Court granted the motion to dismiss. (Civil Action No. 24-371; Doc. 22). Relying on <u>Goodwin v. Reynolds</u>, 757 F.3d 1216 (11th Cir. 2014), the Court explained that Defendants' right to remove was based on a technical right (snap removal) rather than a substantive right.

2.  Current action

Plaintiffs filed the current action in state court. (Civil Action No. 25-95; Doc. 1-2). Weyerhaeuser snap removed. (Doc. 1). Plaintiffs moved to remand. (Doc. 9). The Magistrate Judge issued a Report and Recommendation that recommended granting the remand, (Doc. 21), but the Court declined to adopt it. (Doc. 25). The Court denied the motion to remand based on the plain language of the forum-defendant rule statute: A forum defendant must be "properly joined and served" for the forum-defendant rule to apply. 28 U.S.C. § 1441(b)(2). On January 26, 2026, the Court issued a *sua sponte* order because Plaintiffs had not filed a proof of service of process on Defendant Primal Brands, LLC by the Federal Rule of Civil Procedure 4(m) deadline. (Doc. 41).

3.  Motion for leave to amend the complaint

On January 28, 2026, Plaintiffs filed a "Proof of Service and Motion for Leave to Amend Complaint." (Doc. 42). Plaintiffs' motion requested (1) the Court to deem Primal Brands, LLC as properly served and (2) leave to amend the complaint to add another "Primal" entity as a defendant (Primal Vantage Company, Inc.). Plaintiffs made two arguments in support of the motion for leave to amend. *First*, Plaintiffs explained that Primal Brands, LLC's counsel informed Plaintiffs' counsel that Primal Brands, LLC "had no assets and had no insurance" and "would not be asserting a defense." (Doc. 42 at 2). *Second*, Plaintiffs explained that "Plaintiffs' counsel has subsequently learned there is another case with a 'Primal' entity named as a defendant in the Southern District of Alabama which is being defended and appears to be going to trial." (Id. at 3). Plaintiffs sought to add Primal Vantage Company, Inc. "so perhaps the proper 'Primal' entity will be in the case." (Id.). Plaintiffs stated that "[t]his could have been avoided if Primal [Brands, LLC] had simply notified everyone of the proper entity to begin with as is required by this Honorable Court." (Id.).

2

On March 4, 2026, the Court granted the motion in part. (Doc. 45). The Court deemed Primal Brands, LLC as properly served (post removal) based on the state court summons and complaint. However, the Court denied the motion for leave to amend the complaint to add Primal Vantage Company, Inc. because Plaintiffs failed to address the Rule 16(b) good-cause standard. The Court specifically advised Plaintiffs "that any future motion for leave to amend the complaint should address Rule 16(b)'s good-cause standard." (Doc. 45 at 4).

4.    First motion to amend scheduling order

On March 27, 2026, Plaintiffs filed a motion to amend the scheduling order. (Doc. 46). This motion did not address the Rule 16(b) good-cause standard. The argument in support of the motion was a repeat of the argument made in support of the motion for leave to amend. Compare (Doc. 42) with (Doc. 46).

On March 31, 2026, United States Magistrate Judge Katherine Nelson entered an endorsed order denying the motion to amend the scheduling order "for failure to demonstrate good cause under Rule 16 and for failure to comply with the Court's prior Order (Doc. 45)." (Doc. 48).

5.    Second motion to amend scheduling order

On April 27, 2026, Plaintiffs filed a second motion to amend the scheduling order. (Doc. 51). This motion addressed Rule 16(b)'s good-cause standard. (Id. at 2). Plaintiffs argued that good cause exists because (1) Primal Brands, LLC "failed to identify Primal Vantage Company, LLC in its initial disclosures" and (2) "Plaintiffs' counsel has subsequently learned there is another case with a 'Primal' entity named as a defendant in the Southern District of Alabama which is being defended and appears to be going to trial." (Id.). Plaintiffs stated that they "acted with diligence throughout this litigation," that "the need for modification does not arise from any lack of diligence on [Plaintiffs'] part," and that the modification "will not prejudice [Defendants]." (Id. at 3).

3

6. <u>Magistrate Judge's denial of the second motion to amend scheduling order</u>

On June 25, 2026, Judge Nelson denied the second motion to amend the scheduling order. (Doc. 52). Judge Nelson explained that the "good cause standard focuses on the diligence of the party seeking the modification." (<u>Id.</u> at 2) (citing <u>Sosa v. Airprint Systems, Inc.</u>, 133 F.3d 1417, 1418-19 (11th Cir. 1998)). Judge Nelson considered "the crux" of Plaintiffs' argument to be that Plaintiffs' counsel learned that Primal Vantage Company, Inc. was defending another case in this District that appears to be going to trial. (<u>Id.</u>). Judge Nelson found this argument to be an implicit representation to the Court that Plaintiffs' counsel "did not know of the existence of Primal Vantage Company, Inc., until after January 14, 2026," which was the deadline to amend pleadings or join parties. (<u>Id.</u>).

Judge Nelson determined that Plaintiffs' implicit representation "is without merit." (<u>Id.</u>). Judge Nelson explained that Patrick Montgomery ("Montgomery")—a partner at Plaintiffs' counsel's firm—has "known of the existence of Primal Vantage Company, Inc., since at least November 5, 2020" because Montgomery "signed and filed a complaint in this federal district court against Primal Vantage Company, Inc. (S.D. Ala. case number 1:20-cv-528-JB-N)." (<u>Id.</u>). Judge Nelson highlighted that Montgomery appeared "as the only attorney for Plaintiffs in a telephonic scheduling conference" concerning "the proposed content of the Rule 16(b) Scheduling Order" on September 19, 2025. (<u>Id.</u>). Judge Nelson noted that Montgomery has not filed a notice of appearance in this action—even though Montgomery "told the Court" at the scheduling conference "that he would 'a hundred percent do that as soon as we get off of here.'" (<u>Id.</u> at 3 n.5).

Judge Nelson also determined that "[s]ome of Plaintiffs' other contentions in the Motion are wrong." (<u>Id.</u> at 3). This included Plaintiffs' contention that Defendant Primal Brands, LLC "actively participated in this litigation since its inception, including filing an immediate removal

action." (Id.). Judge Nelson clarified that Primal Brands, LLC "did not remove this action from state court (Defendant Weyerhaeuser Company executed the removal)" and that Primal Brands, LLC has not "actively participated in this litigation since its inception." (Id. at 3–4). Judge Nelson noted that "Primal Brands, LLC, has never appeared in this action." (Id. at 4). The other contention addressed by Judge Nelson was Plaintiffs' argument that "Defendant Primal Brands, LLC., [sic] failed to identify Primal Vantage Company, LLC. [sic] in its initial disclosures." (Id.) (alterations in original) (quoting Doc. 51 at 2). Judge Nelson concluded that "this contention is meritless and irrelevant because (1) Plaintiffs themselves named Primal Vantage Company, LLC, as an 'aka' defendant in their Complaint and (2) the target of the Motion is another entity, namely, Primal Vantage Company, Inc." (Id.).

Judge Nelson acknowledged that Plaintiffs invoked Federal Rules of Civil Procedure 19 and 20 "[i]n passing." (Id. at 5). However, Judge Nelson explained that Plaintiffs did so "without offering any argument or analysis whatsoever." (Id.). Judge Nelson pointed out that "neither Rule 19 nor Rule 20 is applicable under the circumstances" and that these rules "cannot be used to escape the effects of a party's failure to meet deadlines established by a Rule 16 scheduling order absent a showing of good cause." (Id.). Ultimately, Judge Nelson found "Plaintiffs' good cause allegations woefully deficient and unconvincing" and concluded that "Plaintiffs have not acted with diligence with respect to Primal Vantage Company, Inc." (Id.).

## II.    Standard of Review

A party has fourteen days to object to a magistrate judge's determination of a nondispositive matter. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. "A magistrate judge's determination is contrary to law if it misinterprets or misapplies the law." 2

5

Steven S. Gensler, <u>Federal Rules of Civil Procedure, Rules and Commentary</u> § 72:48 (2026). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948).

### III.    Analysis

Plaintiffs timely objected to Judge Nelson's determination of a nondispositive matter. Plaintiffs argue that the denial of leave to amend was "clearly erroneous and/or contrary to law." (Doc. 53 at 1–2). Plaintiffs acknowledge that the Rule 16(b) good-cause standard turning on "diligence of the party seeking modification" was the controlling legal standard. (<u>Id.</u> at 2). However, Plaintiffs argue that Judge Nelson (1) conflated Montgomery's "historical, generalized awareness" of Primal Vantage Company, Inc.'s existence "with the analytically distinct question of when Plaintiffs first had a reasonable basis to believe that entity . . . bears responsibility" and (2) failed to weigh prejudice to the parties. (<u>Id.</u>).

Upon review, Judge Nelson's denial of leave to amend was neither clearly erroneous nor contrary to law. Judge Nelson applied the correct legal standard for modification of the Rule 16(b) scheduling order. A Rule 16(b) scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To establish good cause, the party seeking the extension must have been diligent." <u>Romero v. Drummond Co.</u>, 552 F.3d 1303, 1319 (11th Cir. 2008). Here, Judge Nelson's decision correctly hinged on the diligence of the party seeking modification.

Judge Nelson did not misinterpret or misapply the law by concluding that Plaintiffs did not act with diligence. "A party's diligence can be determined by its attempts to gather relevant information during discovery, the timing of when the information became available, and how soon

6

the party moved to amend after discovering the information." Snadon v. Sew-Eurodrive, Inc., 859 F. App'x 896, 897 (11th Cir. 2021). Here, Judge Nelson considered Plaintiffs' diligence argument and detailed its inconsistency with the record. In other words, Judge Nelson reviewed "the timing of when the information became available" to Plaintiffs and "how soon [Plaintiffs] moved to amend after discovering the information." Id. Judge Nelson denied leave to amend after concluding that Plaintiffs did not act with diligence. Therefore, Judge Nelson did not misinterpret or misapply the law.

Judge Nelson's decision was not clearly erroneous. Plaintiffs argue that a generalized awareness of Primal Vantage Company, Inc. was conflated with the diligence standard. However, the representation made to Judge Nelson was that Plaintiffs' counsel learned of Primal Vantage Company, Inc. after the pertinent deadline passed. Judge Nelson found the representation to be without merit. Judge Nelson explained that the only attorney appearing for Plaintiffs at the Rule 16(b) telephonic scheduling conference signed and filed a complaint against Primal Vantage Company, Inc. in 2020. Now, Plaintiffs argue that Judge Nelson should have considered when Plaintiffs first had a reasonable factual basis for the amendment sought—not when Plaintiffs learned of Primal Vantage Company, Inc. But this argument was not presented to Judge Nelson. Plaintiffs offer no evidence showing when they first had a reasonable factual basis for the amendment. And Plaintiffs do not explain their delay in filing a proper motion to amend the scheduling order.[1] Thus, the Court is not convinced that a mistake has been made.

---

[1] Plaintiffs first attempted to add Primal Vantage Company, Inc. on January 28, 2026. (Doc 42). On March 4, 2026, this motion was denied because Plaintiffs failed to address Rule 16(b)'s good-cause standard. (Doc. 45). The Court advised Plaintiffs "that any future motion for leave to amend the complaint should address Rule 16(b)'s good-cause standard." (Doc. 45 at 4). On March 27, 2026, Plaintiffs filed a motion to amend the scheduling order, but the motion again failed to address Rule 16(b)'s good-cause standard. (Doc. 46). Three days later, Judge Nelson denied the motion "for failure to demonstrate good cause under Rule 16 and for failure to comply with the Court's

Plaintiffs also argue that Judge Nelson failed to weigh the prejudice to the parties. But Plaintiffs fail to cite any Eleventh Circuit precedent on this issue. The cited authorities explain (1) that the decision to amend a scheduling order is discretionary and (2) that a district court may consider prejudice as a factor. Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007); Springboards To Educ., Inc. v. Houston Indep. Sch. Dist., 912 F.3d 805, 819 (5th Cir. 2019); High Point Design LLC v. Buyers Direct, Inc., 730 F.3d 1301, 1319 (Fed. Cir. 2013). Under Eleventh Circuit precedent, "the party seeking the extension must have been diligent." Romero, 552 F.3d at 1319. Plaintiffs fail to show that Judge Nelson's decision, which hinged on diligence, was clearly erroneous.

### IV.     Conclusion

Plaintiffs object to the Magistrate Judge's Order denying the second motion for leave to amend the scheduling order. Plaintiffs fail to show that the decision was clearly erroneous or contrary to law. Accordingly, the objections, (Doc. 53), are **OVERRULED**, and the Magistrate Judge's Order is **AFFIRMED**.

**DONE** and **ORDERED** this **27th** day of **July 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

prior Order (Doc. 45)." (Doc. 48). On April 27, 2026, Plaintiffs filed a second motion to amend the scheduling order that mentioned the good-cause standard. (Doc. 51). In sum, Plaintiffs filed a proper motion to amend the scheduling order nearly three months after they first raised the Primal Vantage Company, Inc. argument and nearly two months after the Court outlined the standard to amend the scheduling order.

8